**A. DUDA & SONS, INC., Appellant,**

v.

**John M. MADERA, Appellee.**

**No. 01–84–0739–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 14, 1985.

Christina Stone, Stone & Stone, Houston, for appellant.

John M. Robinson, Robinson & Weaver, Houston, for appellee.

Before DUGGAN, WARREN and HOYT, JJ.

OPINION

DUGGAN, Justice.

The appellant, A. Duda & Sons, Inc. ("Duda"), filed suit against Tomatoes, Inc., and appellee, John M. Madera, individually, alleging that the two defendants were jointly and severally liable for the balance due on a promissory note. Interlocutory summary judgment was entered against Tomatoes, Inc., for the unpaid balance and pre-judgment interest. After a non-jury trial, the court entered a final judgment in favor of Duda against Tomatoes, Inc., for the balance due, plus pre- and post-judgment interest and attorney's fees, but en-

tered a take-nothing judgment as to appellee, John M. Madera.

The promissory note in question, payable to Duda in the amount of $47,872, is typewritten and begins, "For Value Received we promise to pay to A. Duda & Sons, Inc. ..." It is signed:

ATTEST:        TOMATOES, INC.
                3118 Produce Row
                Houston, Texas    77023

                /s/    John Madera
BY:              By:

Duda's petition alleged that Tomatoes, Inc., and Madera, individually, defaulted in paying the note and that the unpaid principal amounted to $39,893.40. The defendants answered with separately filed general denials, after which Duda took the interlocutory summary judgment against Tomatoes, Inc. On the day of trial, Madera filed an amended answer which the trial court disallowed as being untimely.

During trial, Joseph D. Obucina, Jr., testified that he was produce manager for market development for Duda; that Duda looked to Madera personally for payment of the indebtedness owed to Duda; and that prior to and at the time of the execution of the note, Madera represented that he was signing the note in an individual capacity. Duda's attorney testified concerning reasonable attorney's fees and then rested. The defendants moved for an instructed verdict, which was denied, and rested without presenting evidence.

The trial court made findings of fact that Duda was the owner and holder of a promissory note "executed by Defendant Tomatoes, Inc., by John Madera, and delivered to plaintiff by Defendant Tomatoes, Inc."; that Duda "obtained the note by paying cash *to Defendants Tomatoes, Inc. and John Madera*"; that the note matured and the plaintiff presented the note for payment *"to defendants Tomatoes, Inc. and John Madera"*; and that Tomatoes, Inc., defaulted in paying the principal and interest on the note. As conclusions of law, the trial court found that Tomatoes, Inc., is liable to Duda for the principal amount due, pre- and post-judgment interest and

attorney's fees, and that Duda "should take nothing by this suit as to defendant John Madera." (Emphasis added).

Duda appeals only that portion of the final judgment ordering that it take nothing as to Madera. Madera has filed no appellee's brief.

In its first point of error, Duda contends that the trial court erred in granting judgment for Madera, individually, because Duda's pleadings and proof "conclusively established appellee Madera's individual capacity in which he signed, ... and no evidence was introduced to refute" that proof. Duda's second point of error alleges that the trial court erred in granting judgment in favor of Madera, individually, because Madera, as maker of the note, did not indicate his representative capacity or show himself free from personal liability by reason of agency, if any. Duda urges that Madera presented no evidence as to his representative capacity, and that the trial court made no findings of fact as to Madera's representative capacity. The two points will be discussed together.

The circumstances under which a person who signs an instrument may avoid personal liability are as follows:

(a) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

(b) An authorized representative who signs his own name to an instrument

(1) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(2) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the

representative signed in a representative capacity.

(c) Except as otherwise established the name of an organization preceded or followed by the name *and office* of an authorized individual is a signature made in a representative capacity.

Tex.Bus. & Com.Code Ann. sec. 3.403 (Vernon 1968) (emphasis added).

▇ A signer is personally liable on an instrument that does not show that he signed in a representative capacity. *Griffin v. Ellinger*, 538 S.W.2d 97 (Tex.1976). An instrument may disclose on its face that a signature was executed only in a representative capacity, even though the particular office or position of the signer is not disclosed thereon. *Id.* at 99. In the instant case, the promissory note is signed by appellee, Madera, below the typewritten name and address of the company, but does not indicate that Madera signed in a representative capacity, as dictated by section 3.403(b)(2). Since the organization's name is not followed by Madera's name *and office*, Madera's representative capacity is not indicated as mandated by section (c). We find that the instrument on its face does not indicate that Madera signed in a representative capacity.

Additionally, the face of the typewritten instrument itself affirmatively shows that payment was promised from more than one source by its wording, "For Value Received *we* promise to pay A. Duda & Sons, Inc...." (emphasis added). Examination of the signature portion of the note reveals the typewritten corporate name, Tomatoes, Inc., and John Madera's signature. Nothing on the face of the note or in testimony to the court reflects that Madera signed in a representative capacity only, and with no intention of incurring personal liability.

▇ Further, a person who signs a promissory note is presumed to be liable in an individual capacity, unless he interposes a defense. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974). In the instant case, Madera proceeded to trial on his original answer, a general denial, because the amended answer he filed on the day of trial was disallowed as being untimely filed. Where an instrument does not show on its face that a person signed in a representative capacity only, extrinsic evidence is allowed to show that the immediate parties agreed or otherwise understood that the signer would not be personally liable. *Griffin*, 538 S.W.2d at 100. At trial, Duda presented evidence that Madera made representations that he would stand by the note. While Madera was entitled to offer testimony that he signed only in a representative capacity, he offered no evidence to rebut his apparent status of individual signer as shown by both the face of the note and Duda's testimony through the witness Obucina. In the face of presumptive liability, he offered no defense. We find as a matter of law that Madera was liable in an individual capacity. Points of error one and two are sustained.

The take-nothing judgment entered as to John Madera, individually, is reversed and rendered. The judgment is reformed to show Tomatoes, Inc., and John Madera, individually, to be jointly and severally liable for the balance due on the promissory note, together with pre- and post-judgment interest, attorney's fees, and costs.