**Neil Di GIAMMATTEO, Appellant,**

v.

**Douglas C. OLNEY, Appellee.**

**No. 05–89–01445–CV.**

Court of Appeals of Texas, Dallas.

July 25, 1990.

Jerry L. Hughes, Dallas, for appellant.

William F. Bronson, III, Dallas, for appellee.

Before HOWELL, KINKEADE and BURNETT, JJ.

## OPINION

KINKEADE, Justice.

Neil Di Giammatteo appeals a judgment in favor of Douglas C. Olney in this suit to confirm an arbitration award. In five points of error, Di Giammatteo argues that the trial court erred when it granted Olney's motion for summary judgment and when it overruled Di Giammatteo's motion for new trial. Because a genuine issue of material fact remains as to whether a valid and enforceable arbitration agreement exists between Olney and Di Giammatteo, individually, we reverse the judgment of the trial court and remand for further proceedings.

## FACTS

On July 8, 1987, Olney and Di Giammatteo, on behalf of Di Giammatteo & Associates, Inc., executed a contract that provided for Olney to perform as a consultant on an architectural project. The record shows that Di Giammatteo & Associates is a corporation. The record further reflects that Di Giammatteo signed in his representative capacity, as president of the corporation. There are no recitals or additional signatures to indicate that Di Giammatteo was entering into any personal undertaking. Olney performed the requested consulting services, but he did not receive payment.

The contract stipulated that all claims arising out of the contract "shall be decided by arbitration...." In cooperation with the American Arbitration Association, both of the parties to the contract participated in choosing an arbitrator. Subsequently, the Association notified the parties that the arbitrator had set a hearing for May 25, 1988. All communications between the Association and Di Giammatteo were sent to Di Giammatteo, Di Giammatteo & Associates, at the corporate address. On May 18, 1988, Di Giammatteo notified the Association that he would not attend the hearing

because of a prior commitment and because *the firm* had determined that a hearing was unnecessary as a dispute did not exist and *the firm* acknowledged its obligation to compensate Olney, but currently lacked the funds to do so. Di Giammatteo sent this notification under the firm's letterhead, "Di Giammatteo & Associates," which did not include the designation "Inc.," "Corp.," or "Co.," and signed it Neil Di Giammatteo. Below the printed signature on this notification appeared the designation, "President."

On June 1, 1988, the arbitrator entered an Award of Arbitrator in favor of Olney and against "Neil Di Giammatteo, d/b/a Di Giammatteo & Associates." In the award, the arbitrator referenced the arbitration agreement executed on July 8, 1987, only to the extent that he had been designated in accordance with it. On January 4, 1989, Olney filed suit to confirm the arbitrator's award.

## SUMMARY JUDGMENT

In his five points of error, Di Giammatteo contends that the trial court erred when it granted Olney's motion for summary judgment and when it overruled his motion for new trial. He argues that the arbitration award was void ab initio and that the trial court lacked jurisdiction to confirm the award because he was not a party to the contract that authorized the arbitration.

A court may render a summary judgment only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). On appeal, this Court must determine whether Olney's summary judgment proof conclusively established all the elements of his cause of action. The movant has the burden of demonstrating the lack of a genuine issue of material fact, and the court resolves all doubts against the movant. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a par-

ty his right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Diversified Human Resources Group, Inc. v. Levinson–Polakoff,* 752 S.W.2d 8, 10 (Tex.App.—Dallas 1988, no writ).

### *Texas General Arbitration Act*

The Texas General Arbitration Act provides that a written agreement or a provision in a written contract to submit an existing controversy arising between the parties to arbitration is valid, enforceable, and irrevocable, except upon grounds that exist at law or in equity for the revocation of any contract. *See* TEX.REV.CIV.STAT.ANN. art. 224 (Vernon Supp.1990). The Act applies only when a valid written agreement to arbitrate exists between the parties to the agreement or the contract. *See NCR Corp. v. Mr. Penguin Tuxedo Rental & Sales, Inc.,* 663 S.W.2d 107, 108 (Tex.App. —Eastland 1983, writ ref'd n.r.e.). Thus, for Olney to establish his right to confirmation of the arbitration award against Di Giammatteo, individually, pursuant to the Act, Olney must first prove that a valid arbitration agreement existed between himself and Di Giammatteo, individually.

Since the July 8, 1987 contract provided for the arbitration agreement in this case, Olney must establish that the contract was executed between himself and Di Giammatteo, individually. To prove that Di Giammatteo executed the contract in his individual capacity, Olney must prove that privity existed between himself and Di Giammatteo, individually, and that Di Giammatteo obligated himself individually under the contract. *See C & C Partners v. Sun Exploration & Prod. Co.,* 783 S.W.2d 707, 721 (Tex.App.—Dallas 1989, writ denied). However, the law does not presume agency. To avoid personal liability on the contract, an agent must prove that he disclosed (1) that he was acting in a representative capacity and (2) that he identified his principal. *Southwestern Bell Media, Inc. v. Trepper,* 784 S.W.2d 68, 71 (Tex.App.— Dallas 1989, no writ).

*Olney's Summary Judgment Proof*

■ Olney moved for summary judgment on the basis of articles 237 and 238-1 of the Texas Revised Civil Statutes (the Texas General Arbitration Act) and attached a copy of the Award of Arbitrator to his motion. Olney introduced no other summary judgment evidence. On appeal, Olney argues that the written agreement between the parties invoked subject matter jurisdiction as to Di Giammatteo, individually, and service on Di Giammatteo and his subsequent response to, participation in, and failure to raise any jurisdictional objection to, the arbitration proceedings at that time, invoked personal jurisdiction as to Di Giammatteo, individually.

Article 237 provides that a party has ninety days to file an application to vacate or move to modify or correct the arbitration award and, if no application is filed, then the court must confirm the award. *See* TEX.REV.CIV.STAT.ANN. art. 237 (Vernon 1973). Article 238-1 provides that, upon the granting of an order confirming, modifying, or correcting an award, the court shall enter judgment. *See* TEX.REV.CIV. STAT.ANN. art. 238-1 (Vernon 1973). Olney asserted that Di Giammatteo's failure to seek vacation, modification, or correction of the award within ninety days of its entry precluded his right to later object on any grounds.

In response to Olney's motion for summary judgment, Di Giammatteo introduced a copy of the July 8, 1987 contract. On its face, the contract indicates that Di Giammatteo (1) signed the contract only in his representative capacity as president of the corporation and (2) identified his principal as Di Giammatteo & Associates, Inc. Olney presented no summary judgment evidence that Di Giammatteo did not sign in his representative capacity or adequately identify his principal. The various communications between the Association and Di Giammatteo referred to on appeal by Olney were not before the court at the time of the summary judgment hearing. Olney later attached these communications to his response to Di Giammatteo's motion for new trial. Since Di Giammatteo established

that he signed the contract in a representative capacity, Olney's reliance on articles 237 and 238-1 and the attached copy of the Award of Arbitrator was insufficient to establish as a matter of law that a valid and enforceable arbitration agreement existed between Olney and Di Giammatteo, individually. Because a genuine issue of material fact remains as to whether a valid and enforceable arbitration agreement exists between the parties named in the Award of Arbitrator, the trial court erred when it confirmed the award pursuant to articles 237 and 238-1. We sustain Di Giammatteo's five points of error. We reverse the judgment of the trial court and remand the cause for further proceedings.