**MESTCO DISTRIBUTORS, INC., Appellant,**

v.

**Ralph W. STAMPS, Appellee.**

**No. A14–90–0691–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1992.

J. Michael Fieglein, Galveston, for appellant.

J.S. Norman, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Mestco Distributors, Inc., appeals a take nothing judgment on a suit filed to collect amounts due on seven unpaid promissory notes. Trial was to the court without a jury. Appellant argues in four points of error that the trial court erred as a matter of law and fact in finding that appellee executed and delivered the notes in a representative capacity only. We affirm.

On seven separate occasions from approximately May 1985 to December 1986, appellant loaned funds for business operations to Innovative Timber Specialties Inc., (ITS, Inc.) in which appellee and appellant were each share holders. The seven notes sued upon, totalling $107,241.88, were signed as follows:

Promissory Note 1—May 17, 1985 signed:

I.T.S. Inc.

by Ralph W. Stamps

Secty. Treas.

Promissory Note 2—June 25, 1985 signed:

Ralph W. Stamps

Promissory Note 3—December 23, 1985 signed:

Innovative Timber Specialties Inc

by Secty–Treas

Ralph W. Stamps

Promissory Note 4—July 16, 1985 signed:

Ralph W. Stamps

Secty–Treas. I.T.S. Inc.

Promissory Note 5—December 9, 1985 signed:

Ralph W. Stamps

Promissory Note 6—August 6, 1986 signed:

Innovative Timber Specialties, Inc.

by Ralph W. Stamps

Promissory Note 7—December 31, 1986 signed:

Ralph W. Stamps

Innovative Timber Specialties, Inc.

by: Secretary

Although appellant sets out four separate points of error, only one error is argued and briefed. Appellant combines his first three points of error and challenges the single issue of whether the trial court erred in finding that appellee executed the promissory notes in a representative capacity. Despite the fact that only one of appellant's points of error enumerates whether he is challenging this finding on factual or legal sufficiency of the evidence grounds, we presume, based on appellant's arguments, that both factual and legal insufficiency challenges are being made. Also, point of error four presents no new legal arguments, but merely refers back to appellant's arguments in points of error one through three. Since it presents nothing new for our consideration, it will not be considered separately.

When both legal and factual points are raised, we must first examine the legal sufficiency of the evidence. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981). In reviewing the record for legal sufficiency, we are to consider only the evidence and inferences that tend to support the court's finding and disregard evidence and inferences to the contrary. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988) (citations omitted). If there is any evidence of probative value to support the finding, we must uphold the finding. *Id.; In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). If the finding is legally sufficient, we must then weigh and consider all the evidence both in support of, and contrary to, the challenged findings. *Id.* The trial court's findings must be upheld unless they are so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988); *Pool v. Ford Motor*, 715 S.W.2d 629, 635 (Tex. 1986). We may not substitute our opinion for that of the trier facts merely because we have reached a different conclusion. *Id.*

Appellant argues that none of the promissory notes meet the requirements of Section 3.403 of the Texas Business and Commerce Code, and, therefore, appellee was required to present evidence to overcome the presumption of individual liability as to all seven notes. TEX.BUS. & COM.CODE ANN. § 3.403(c) (Vernon 1968). We disagree. Section 3.403(c) provides that a signature is established as being in a representative capacity if it has the name of an organization *proceeded or followed* by an authorized individual's name and office. *Id.* Four of the promissory notes meet these requirements (May 17, 1985—signed I.T.S. Inc. by Ralph W. Stamps Secty Treas; December 23, 1985—signed Innovative Timber Specialties Inc. Secty.–Treas. Ralph W. Stamps; July 16, 1985—signed Ralph W. Stamps Secty–Treas I.T.S. Inc.; December 31, 1986—signed Ralph W. Stamps Innovative Specialties Inc., by: Secretary). Clearly, these notes listed the name of the organization followed or proceeded by Ralph Stamps' name and his office, designated as Secretary or Secty–Treas. Appellant does not address these notes specifically, therefore, we are not clear why appellant makes the assertion that these notes do not comply with Section 3.403. Accordingly, there was evidence of probative value to support the trial court's finding that these four notes were executed in a representative capacity.

Three of the promissory notes clearly did not meet the requirements of Sec. 3.403. Two notes were signed solely with Ralph Stamps' name, and one note was signed "Innovative Timber Specialties, Inc. by Ralph W. Stamps." As appellant correctly points out, if a signature is not shown to be in a representative capacity pursuant to 3.403(c), the signer/maker, in a dispute between the immediate parties, has the burden to offer proof that he signed only in a representative capacity. *A. Duda & Sons, Inc. v. Madera*, 687 S.W.2d 83, 85 (Tex.App.—Houston [1st Dist.] 1985, no writ) (citing *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974)). Appellant argues that there was no evidence to overcome the presumption of individual liability in this case, because there was no evidence establishing that appellee communicated his intent to sign in a representative capacity to

appellant. We disagree. Appellant cites to language in *Seale v. Nichols*, 505 S.W.2d 251, 255 (Tex.1974) to support his contention that the intent to sign as a representative must be "communicated" to the other party. Nevertheless, appellant fails to note the language in *Griffin v. Ellinger*, 538 S.W.2d 97, 100 (Tex.1976) which further explains what evidence is admissible between the immediate parties to show what the parties agreed to or otherwise understood regarding the signer's liability:

Under Section 3.403(b), extrinsic evidence is admissible between the parties to the instrument to show that they agreed or otherwise understood that the signer would not be personally liable thereon, even though the instrument itself does not reveal the signer's representative capacity. *The Code does not delineate what proof is necessary to "otherwise establish" between the parties that the signer is not personally liable on an instrument which he intended to sign only in a representative capacity. Therefore, the general principles of law and equity are to be applied. Section 1.103.* In *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974), this Court had occasion to construe Section 3.403(b). We there stated that, in order for an agent to avoid liability on his signature, "he must *disclose* his intent to sign as a representative to the other contracting party." 505 S.W.2d at 255. We also recognized that prior dealings between the parties are relevant in determining whether the parties understood the signature to be in a representative capacity. (emphasis added)

Although there is no evidence in the present case that appellee actually told appellant that he was signing the notes in a representative capacity, there was evidence of prior dealings between the parties as well as circumstances that communicated to appellant that appellee was executing the notes in a representative capacity. The evidence before the court was as follows. Henry Mest was president and owner of Metsco Distributors, Inc., appellant. He was in business for 30 years in La Marque, Texas. Appellee and Mest knew each other for more than 30 years. Appellee approached Mest regarding investing in ITS, Inc. after its original formation in 1982. They each became shareholders in ITS, Inc., neither being majority shareholders. Both also became officers and Mest was a director. The chief operating officer and president, Wayne Alderman, resigned in 1985 and appellee and Mest took over. In 1985, Mest went to ITS, Inc.'s job site once or twice a week and was fully aware of what was going on with the business. Appellee managed ITS, Inc. from 1985 to 1986 per an agreement with Mest. Appellee would also let appellant know of ITS, Inc.'s financial needs. Appellant and Appellee both from time to time loaned money to ITS, Inc. as needed. In 1986, both appellant and appellee repaid in equal amounts a loan made to ITS, Inc. in the amount of $150,000.00. Appellant received at least seven notes in addition to the notes the subject of this suit. These notes were later written off by appellant as bad debts. The seven promissory notes involved in the present suit were prepared at Mest's direction. The payment of each of the notes was a promise of ITS, Inc. named in the subject notes and there was no understanding that the loans represented loans to appellee individually. The funding of the notes was to ITS, Inc. directly and were often deposited to ITS, Inc.'s bank account by appellant's accountant. Also, the notes were carried on appellant's books as notes receivable from ITS, Inc. and not as notes receivable from appellee. Further, the notes were charged-off by appellant in 1986 and 1987. Accordingly, we conclude there was evidence of probative value to support the trial court's conclusion that appellee signed in a representative capacity concerning the three notes.

In challenging the factually sufficiency of the evidence, appellant contends that the only evidence of appellee's communication to appellant that he was signing in a representative capacity was appellee's testimony that he thought he was signing in a representative capacity. Appellant argues that testimony was insufficient to overcome the presumption that appellee signed in an indi-

vidual capacity since appellant testified he thought he was loaning the money to appellee individually. As noted in the preceding paragraph, there was sufficient evidence showing that appellant knew the notes were executed for ITS and not appellee individually and past dealings supported that appellee executed in a representative capacity. Accordingly, the trial court's finding was not manifestly unjust or erroneous. Appellant's points of error one through four are overruled.

Accordingly, the judgment of the trial court is affirmed.