Affirmed and Memorandum Opinion filed September 2, 2004









Affirmed and Memorandum Opinion filed September 2,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00018-CV

____________

 

S. MANSUKHLAL
& CO.,
Appellant

 

V.

 

MUHAMMAD HUSEIN
AND SULTANA HUSEIN, Appellees

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 02-48952

 



 

M E M O R A N D U M   O P I N I O N

S. Mansukhlal & Co. appeals the
take-nothing judgment rendered by the trial court in favor of appellees
Muhammad Husein and Sultana Husein. 
Appellant contends the trial court erred in finding appellees were not
personally liable on nine negotiable instruments.  We affirm.

Factual and Procedural Background








In 1999, Griffen, Inc. purchased goods
from appellant valued in excess of $200,000. 
Griffen, however, began having financial difficulties and was unable to
pay the full value of the goods previously delivered by appellant.  Thus, upon appellant=s request, Griffen
issued ten negotiable instruments in favor of appellant, even though Griffen
told appellant the instruments were worthless. 
The instruments were signed by both Muhammad Husein and Sultana Husein, appellees
herein, who were officers and directors of Griffen at the time the instruments
were executed.  

This lawsuit arose after nine of the ten
instruments were dishonored by Griffen=s bank for
insufficient funds.  Appellant initiated
legal proceedings against Griffen; however, after Griffen declared bankruptcy,
appellant instituted this suit against appellees individually to collect the
balance due under the nine dishonored instruments.  The case was tried before the court, after
which, the court entered judgment in favor of appellees.  

Appellant brings four points of error on
appeal, contending (1) the trial court erred by characterizing the instruments
as checks rather than notes; (2) the evidence is legally insufficient to support
the trial court=s findings that appellees were authorized
to sign the instruments in their representative capacity as agents of Griffen;
(3) the evidence is legally insufficient to support the trial court=s finding that the
parties did not intend to hold appellees personally liable;[1]
and (4) the trial court erred in granting judgment in favor of appellees.  

 Discussion








Appellant concedes that if the instruments
in question are checks, rather than notes, appellees are not personally liable;
thus, appellant first contends the trial court erred by misapplying the Texas
Business and Commerce Code (Athe Code@) by
characterizing the instruments as checks. 
See Tex. Bus. & Com.
Code Ann. ' 3.104 (Vernon 2002).  Appellees, on the other hand, argue the
instruments are checks within the meaning of subsection 3.104(f) of the Code
and therefore are not liable.  See id.  Neither party disputes the documents are
negotiable instruments, rather the parties argue whether the instruments are
properly characterized as either checks or notes.  Appellees contend that regardless of whether
the instruments are characterized as checks or notes, they signed the documents
as representatives of Griffen and therefore, are not liable.  Thus, according to appellees, we do not need
to reach the issue of the character of the instruments.  We agree. 


We first address appellant=s second issue
contending the evidence is legally insufficient to support the trial court=s findings that
appellees were authorized to sign the instruments in their representative
capacity as agents for Griffen.  The
trial court=s fact findings are reviewed for legal and
factual sufficiency of the evidence under the same standards applied when
reviewing evidence supporting jury findings. 
Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  When the appellate record contains a reporter=s record, as it
does here, findings of fact are not conclusive on appeal if the contrary is
established as a matter of law or if there is no evidence to support the
findings.  Mladenka v. Mladenka,
130 S.W.3d 397, 402 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  When reviewing
the legal sufficiency, we consider only the evidence and inferences that tend
to support the trial court=s findings and
disregard evidence and inferences to the contrary.  Sherman v. First Nat=l Bank in Center,
Texas, 760 S.W.2d 240, 242 (Tex. 1998); Mestco Distribs., Inc. v. Stamps,
824 S.W.2d 678, 680 (Tex. App.CHouston [14th
Dist.] 1992, no writ).  If there is any
evidence of probative value to support the challenged findings, we must uphold
the findings.  Mestco, 824 S.W.2d
at 680.  

In this case, the trial court made the
following findings of fact:

1.       Defendants Muhammad Husein, Jr. and
Sultana Husein signed the instruments . . . as the representatives of Griffin
[sic], Inc.   

2.       Defendants Muhammad Husein, Jr. and
Sultana Husein were authorized by Griffin [sic], Inc. to sign the instruments .
. . on behalf of and a [sic] representatives of Griffin [sic], Inc.








3.       The original parties to the transaction
did not intend for Defendants Muhammad Husein, Jr. and Sultana Husein to have
individual and personal liability for the payment of the amounts represented by
the instruments.

The nine negotiable instruments in questions have the
appearance of a standard issued check, in that each is numbered in the
upper-right-hand corner, each bears the name of AGriffen, Inc.@ along with its
address and telephone number, each contains account numbers listed on the
bottom of the document, and each is payable Ato the order@ of AState Bank of
India A/C: S. Mansukhlal & Co.@  Additionally, on the bottom right of each
instrument, the following appears: 

GRIFFEN, INC. 

PER [signatures
of appellees Muhammad Husein and Sultana Husein]

AUTHORIZED SIGNATURE        

Appellant contends this language is
insufficient to prove appellees were authorized on behalf of Griffen, Inc. to
sign the instruments and therefore appellees should be held personally
liable.  Section 3.402 of the CodeCwhich applies to
all instruments, including checks and notesCgoverns the effect
of a signature by an authorized representative. 
Tex. Bus. & Com. Code Ann. ' 3.402 (Vernon
2002); see Tex. Bus. & Comm.
Code Ann. ' 3.104; Suttles v. Thomas Bearden Co.,
No. 01-02-01077-CV, 2004 WL 1631384, at *2B3 (Tex. App.CHouston [1st
Dist.] July 22, 2004, no pet. h.).  The
relevant portion of that section includes the following: 

(b)     If a representative signs the name of the
representative to an instrument and the signature is an authorized signature of
the represented person, the following rules apply:

(1)     If the form of the signature shows
unambiguously that the signature is made on behalf of the represented person
who is identified in the instrument, the representative is not liable on the
instrument.

Tex. Bus. & Com. Code
Ann. ' 3.402(b).  








In order for subsection 3.402(b)(1) to
apply, appellee=s signature must be authorized and the
signature must show unambiguously that it is made on behalf of Griffen.  Id. 
Comment two to this section is also instructive; it provides that an
agent is not liable under subsection (b)(1) Aif the form of the
signature unambiguously shows that it is made on behalf of an identified
represented person (for example, >P, by A, Treasurer=).@  Id. ' 3.402 cmt.
2.  Here, the form of the signature
contained on the instruments unambiguously shows appellees signed the
instruments on behalf of Griffen, Inc. as an authorized agent.  Appellant argues that because the instruments
state Aauthorized
signature@ and do not identify appellees by title,
authorization is not shown.  This
distinction, however, is immaterial because the instrument unambiguously refers
to appellees= status as an authorized agent of Griffen.[2]  Id. ' 3.402(b)(1).    

Additionally, Muhammad Husein testified at
trial that he and Sultana Husein were specifically authorized by the board of
directors for Griffen, Inc. to sign the instruments.  Aside from the specific authorization, Muhammed
Husein also testified he was authorized to sign the instruments pursuant to his
powers as an officer to carry out the day-to-day business of the
corporation.  By looking at the
instruments in question and the testimony of Muhammad Husein, there is some
evidence of probative value to support the trial court=s finding that
appellees signed the instruments as the representatives of Griffen, Inc.  Accordingly, we hold the evidence is legally
sufficient to support the trial court=s finding of fact
number one.  








Appellant also argues appellees exceeded
the scope of the authority given to them by Griffen because appellees were only
authorized to sign checks and were not authorized to borrow money or to sign
notes.  Section 3.403, subsection (a) of
the Code provides that an unauthorized signature is ineffective against the
represented party, but liability may be imposed against the signer.  Tex.
Bus. & Com. Code Ann. ' 3.403(a) (Vernon
2002).  Appellant attempts to
characterize the dealings between the parties as borrower and lender and not as
seller and purchaser.  To further this
objective, appellant elicited testimony at trial that appellees generally were
not authorized to borrow money or sign notes on behalf of the corporation.  Appellant then concludes that appellees did Ain fact@ borrow money;
therefore, they exceeded their authorization and are personally liable. 

An unauthorized signature is a signature
made without actual, implied or apparent authority.  Tex.
Bus. & Com. Code Ann. ' 1.201(43); see
Tex. Bus. & Com. Code ' 3.403 cmt.
2.  Here, the trial court heard testimony
from Muhammad Husein that he and Sultana were authorized to execute the
specific documents in question by the board of directors for Griffen.  Documentary evidence was also presented
during trial showing appellees had authority to manage the day-to-day affairs
of Griffen.  Appellant=s characterization
is immaterial because there is some evidence of a probative value to support
the trial court=s finding that appellees were authorized
to sign the instruments in question. 
Therefore, we hold there is legally sufficient evidence to support the
trial court=s finding of fact number two that appellees
were authorized to sign the instruments. 
Accordingly, we overrule appellant=s second
issue.  








We must sustain the trial court=s judgment if it
is correct on any theory of law applicable to the case.  Schismatic & Purported Casa Linda
Presbyterian Church in Am. v. Grace Union Presbytery, Inc., 710 S.W.2d 700,
707 (Tex. App.CDallas 1986, writ ref=d n.r.e.).  Because we have determined the evidence is
legally sufficient to support the trial court=s findings that
appellees were authorized to sign the instruments in their representative
capacity, we do not reach the issue of whether the instruments are properly
characterized as checks or notes.  The
character is immaterial to section 3.402. 
We hold these findings sufficient to sustain the trial court=s judgment that
appellees are not personally liable on the instruments.  Accordingly, we overrule appellant=s first
issue.   

In its third issue, appellant challenges
the trail court=s third finding of fact, which states the
original parties to the transaction did not intend for appellees to be held
individually and personally liable.  We
do not need to reach the merits of this contention because the first two
findings present a sufficient basis to affirm the trial court=s judgment;
therefore, appellant=s challenge to the third finding, even if
the finding was erroneous, would not present a ground for reversal.  See Tex.
R. App. P. 44.1.  Consequently,
even assuming error, we hold the error harmless because we have not relied on
that finding to affirm the judgment.  Id;
Grace Union Presbytery, 710 S.W.2d at 708.  Appellant=s third issue is
overruled. 

In its final issue, appellant argues the
trial court erred by granting judgment in favor of appellees because appellees
failed to prove they were authorized to sign the instruments.  In lieu of presenting additional argument on
this issue, appellant refers to its arguments and authorities presented in its
second issue.  Appellant is simply
restating its previous issues and presents nothing for review.  Appellant=s fourth issue is
overruled.

Conclusion

Having
overruled appellant=s four issues on appeal, the
judgment of the trial court is affirmed. 
              

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed September 2, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  In its brief,
appellant=s second and third issues complain generally that the
trial court erred in finding appellees signed the instruments in their
representative capacity and in finding the parties did not intend for appellees
to be held individually and personally responsible.  Appellant does not identify the nature of its
attack on the trial court=s findings and does not set forth the proper standard
of review; however, because appellant asks this court to reverse the trial
court=s judgment and render judgment in its favorCa remedy available for legal sufficiency challenges,
but not for factual sufficiency challengesCwe
interpret the issues as raising  legal
sufficiency points.  See Selectouch
Corp. v. Perfect Starch, Inc., 111 S.W.3d 830, 835 (Tex. App.CDallas 2003, no pet.); Heritage Res., Inc. v. Hill,
104 S.W.3d 612, 619 (Tex. App.CEl Paso 2003, no pet.).   





[2]  Comment two
also provides the following illustrations of when an agent=s signature does not fall within subsection
(b)(1):  

In each case John Doe is the authorized agent of
Richard Roe and John Doe signs a note on behalf of Richard Roe. . . . Case
#1.  Doe signs AJohn Doe@ without
indicating in the note that Doe is signing as agent.  The note does not identify Richard Roe as the
represented person.  Case #2.  Doe signs AJohn
Doe, Agent@ but the note does not identify Richard Roe as the
represented person.  Case #3.  The name ARichard
Roe@ is written on the note and immediately below that
name Doe signs AJohn Doe@ without
indicating that Doe signed as agent. . . . In none of the cases does Doe=s signature unambiguously show that Doe was signing as
agent for an identified principal.

Tex. Bus.
& Com. Code Ann. ' 3.402 cmt. 2.  These
examples are instructive because, unlike our case, Doe=s signature did not identify that he was signing as an
agent for Roe or the note did not identify Roe as the represented party.  Here, the instruments unambiguously show
appellees signed in their representative capacity on behalf of Griffen.