Affirmed and Memorandum Opinion filed August 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01166-CV

____________

 

ASLAM VIRANI, Appellant

 

V.

 

PAT CUNNINGHAM, Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 07CV1407

 



 

M E M O R A N D U M   O P I N I O N

Appellant Aslam Virani brings this interlocutory appeal
challenging the trial court=s order denying his plea in abatement and motion to compel
arbitration in his breach of contract suit against appellee Pat Cunningham.  We
affirm.

 








I. 
BACKGROUND

The Marina Del Sol Subdivision Homeowners Association (Athe Association@) sued Virani in 2003 for alleged
deed restriction violations.  At that time, Cunningham was the Association=s president and a member of its
board.

Following mediation, the Association and Virani entered into
a settlement agreement.  Under the terms of the agreement, Virani agreed to
reduce the size of his existing pier within six months or petition for
amendment of the Association=s restrictions.  It was also agreed that the adjacent
subdivision lot would be sold to Virani for $290,000, with the closing to occur
within sixty days of execution of the agreement.  The agreement was signed by
Cunningham, two other Association board members, the Association=s attorney, Virani, and Virani=s attorney.  Cunningham signed his
name AJ.P. Cunningham,@ and underneath his signature appear
these typewritten words: APat Cunningham, President and Board Member Marina Del Sol
Subdivision Homeowners Association.@  The agreement contains a clause
requiring arbitration of Aany future disputes by and between [the parties] . . . .@

On December 6, 2007, Virani sued Cunningham individually
alleging that he breached the settlement agreement by failing to convey title
to the adjacent lot to Virani.  Virani sought damages or, alternatively,
specific performance of the agreement.  On July 30, 2008, Virani filed a Plea
in Abatement and Motion to Compel Arbitration.  Cunningham filed a response. 
Following a hearing, the trial court denied Virani=s plea and motion.[1] 
From the court=s order, Virani now brings this interlocutory appeal.

 

 

 








II. 
DISCUSSION

A.        Controlling
Statute

As a preliminary matter, we note that the arbitration
provision at issue does not expressly invoke either the Federal Arbitration Act
(AFAA@) or the Texas General Arbitration
Act (ATGAA@).[2] 
When the TGAA is the controlling statute, interlocutory appeal is the
appropriate mechanism to challenge a denial of arbitration.  Tex. Civ. Prac.
& Rem. Code Ann. ' 171.098(a)(1) (Vernon 2005); see TMI, Inc. v. Brooks,
225 S.W.3d 783, 790 (Tex.App.CHouston [14 Dist.] 2007, pet. denied).  When the FAA
controls, a petition for writ of mandamus is the proper mechanism to challenge
a denial of arbitration.  See In re Halliburton Co., 80 S.W.3d 566, 567
(Tex. 2002).  

Here, neither party contends on appeal that the arbitration
provision in the settlement agreement is governed by the FAA, nor did Virani
file a petition for writ of mandamus.  Moreover, the FAA governs disputes that
concern agreements evidencing a transaction involving interstate commerce.  See
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 269B70 (Tex. 1992).  Interstate commerce
is evidenced by, inter alia, location of headquarters in another state,
manufacture of components in a different state, transportation of goods across
state lines, and billings prepared in another state.  TMI, Inc., 225
S.W.3d at 797 n.6.  In this case, the agreement involves modification of a
boating pier and the sale of a lot in a Galveston County subdivision. 
Accordingly, the arbitration provision in this case is governed by the TGAA and
an interlocutory appeal from the denial of arbitration is allowed by section
171.021 of the Act.  See Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1) (Vernon 2005).

 








B.        Standard
of Review

When reviewing by interlocutory appeal an order denying
arbitration, we apply a de novo standard to legal determinations and a Ano evidence@ standard to factual determinations. 
See TMI, Inc., 225 S.W.3d at 791.  Under the Ano evidence@ standard, we view the evidence in
the light most favorable to the challenged finding and indulge every reasonable
inference that would support it.  See City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005); see TMI, Inc., 225 S.W.3d at
791.  We must credit favorable evidence and disregard contrary evidence only if
a reasonable factfinder could do so.  City of Keller, 168 S.W.3d at 827;
TMI, Inc., 225 S.W.3d at 791.

Although courts will enforce agreements to
arbitrate disputes, arbitration cannot be ordered in the absence of such an
agreement.  See Freis v. Canales, 877 S.W.2d 283, 284 (Tex. 1994).  The
presumption in favor of arbitration does not go so far as to create an
obligation to arbitrate where none exists.  See Volt Info. Scis., Inc. v.
Bd. of Trs., 489 U.S. 468, 479 (1989) (Aarbitration under
the [FAA] Act is a matter of consent, not coercion@); In re
Kellogg Brown & Root, Inc., 166 S.W.3d 732, 738 (Tex. 2005)
(noting AFAA generally >does not require
parties to arbitrate when they have not agreed to do so=@) (quoting Volt,
489 U.S. at 479); Jenkens & Gilchrist v. Riggs, 87 S.W.3d 198, 201
(Tex. App.CDallas 2002, no pet.) (AAlthough
arbitration is encouraged, it is a contractual matter and, in the absence of an
agreement to arbitrate, a party cannot be forced to forfeit the constitutional
protections of the judicial system and submit its dispute to arbitration.@).  Thus, unless a
party has agreed to arbitrate, arbitration should not be compelled.  See
Freis, 877 S.W.2d at 284.[3]








C.        Analysis

Virani contends the trial court erred when it refused to
abate the proceedings and compel arbitration.  He argues that Cunningham is a
party to the settlement agreement and is, therefore, subject to the agreement=s arbitration provision.  Cunningham
contends the trial court correctly denied Virani=s motion to compel because (1)
Cunningham individually was not a party to the underlying lawsuit brought by
the Association and, thus, is not subject to the settlement agreement=s arbitration clause; (2) Cunningham
signed the settlement agreement in a representative capacity as an agent of the
Association, not in his individual capacity; and (3) the dispute in question in
not within the arbitration agreement=s scope.

It is well-settled that the law does not presume agency.  See
Bernsen v. Live Oak Ins. Agency, Inc. 52 S.W.2d 306, 309 (Tex. App.CCorpus Christi 2001, no pet.); Sw. Bell Media,
Inc. v. Trepper, 784 S.W.2d 68, 72 (Tex. App.CDallas 1989, no
writ); Lachmann v. Houston Chronicle Publ=g Co., 375 S.W.2d 783,
785 (Tex. Civ. App.CAustin 1964, writ ref=d n.r.e.).  An
agent will be held personally liable on a contract he signs if he fails to
disclose the fact and intent of his agency.  Ward v. Prop. Tax Valuation,
Inc., 847 S.W.2d 298, 300 (Tex. App.CDallas 1992, writ
denied).  Thus, to avoid personal liability, an agent must prove he (1)
disclosed his representative capacity to the other contracting party; and (2)
identified the true principal for whom he was acting.  See DiGiammatteo v. Olney, 794 S.W.2d 103, 104 (Tex. App.CDallas 1990, no writ).








Virani argues that nothing on the settlement
agreement=s face supports Cunningham=s contention that
Cunningham signed the agreement in a representative capacity and with no
intention of incurring personal liability.  We disagree.  Cunningham and two
other Association board members, John Wilkins and Angel Sierra, signed their
names on page three of the settlement agreement in the signature block for APlaintiff(s).@  Under Cunningham=s signature, the
designation APresident and Board Member Marina Del Sol Subdivision
Homeowners Association@ appears.  This designation indicates a
representative capacity and identifies the principal.  See DiGiammatteo, 794 S.W.2d at 104 (appellant signed
consulting services contract in representative capacity only where he signed as
corporation=s president and identified corporation as principal).[4]

Virani contends that the typewritten designation under
Cunningham=s signature does not reflect an intention to sign only in a
representative capacity.  In support of his position, Virani relies on Austin
Hardwoods, Inc. v. Vanden Berghe, 917 S.W.2d 320 (Tex. App.CEl Paso 1995, writ denied), and A.
Duda & Sons v. Madera, 687 S.W.2d 83 (Tex. App.CHouston [1st Dist.] 1985, no writ).

In Austin Hardwoods, the appellee, Vanden Berghe,
signed a credit application on behalf of a corporation in which he was an
officer and shareholder.  See 917 S.W.2d at 321B32.  After the corporation filed for
bankruptcy, the appellant creditor, Austin Hardwoods, initially made a demand
upon Vanden Berghe for payment of the corporation=s indebtedness and subsequently filed
suit for recovery .  See id. at 322.  The trial court signed a judgment
in favor of Vanden Berghe and Austin Hardwoods appealed.  See id. at
321.

The court of appeals noted that although Vanden Berghe had
signed the agreement in his corporate capacity as Vice President of Operations,
the application specifically stated that Athe undersigned personally guarantees
the payment of this account in his individual capacity.@  Id. at 323.  The court
concluded that the contract=s plain language clearly evidenced an intent of the parties
to hold Vanden Berghe personally liable.  See id.








In Madera, the appellant, A. Duda & Sons, Inc.
sued Tomatoes, Inc. and the appellee, Madera, individually, alleging the two
defendants were jointly and severally liable for the balance due on a
promissory note.  See 687 S.W.2d at 83.  Following a non-jury trial, the
trial court signed a judgment in favor of the appellant against Tomatoes, for
the balance due, but signed a take-nothing judgment as to Madera.  See id.
at 83B84. 

The court of appeals held that Madera was individually liable
for the balance due on the promissory note for several reasons.  See id.
at 85.  First, the court concluded that because the organization=s name was not followed by Madera=s name and office, the note did not
indicate that Madera signed in a representative capacity.  See id. 
Second, the court noted that the wording on the note, AFor Value Received we promise to
pay A. Duda & Sons, Inc.@ affirmatively showed that payment was promised from more
than one source.  See id.   Finally, the Madera court noted that
a person who signs a promissory note is presumed to be liable in an individual
capacity, unless he interposes a defense.  See id.  In that case, Madera
had proceeded to trial on his original answer, a general denial, and the
appellant had presented evidence that Madera had made representations that he
would stand by the note, but Madera offered no evidence to rebut his apparent
status of individual signer.  See id.

As in Austin Hardwoods and Madera, the
agreement at issue here contains language indicating individual performance. 
The agreement states as follows:

PAT CUNNINGHAM agrees to
sell his lot #13 of Marina Del Sol, a subdivision in the City of League City,
Galveston County, Texas, immediately adjacent to Virani=s lot to Virani for the sum of
$290,000.00, closing to occur within sixty (60) days from the date of this
Settlement Agreement, Cunningham to pay for a title policy, warrant title as
marketable by a general warranty deed.

Cunningham testified at the hearing that
the Association did not own his lot and did not have written authority to sell
or convey it to Virani.  This language supports Virani=s contention that
Cunningham signed the agreement in his individual capacity.








The conflicting indications appearing on the
settlement agreement=s face render the agreement ambiguous with
respect to whether Cunningham signed solely in a representative capacity on
behalf of the Association, or also in his individual capacity.  Determining
whether a contract is ambiguous is a question of law for the court.  J.M.
Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003).  Standing
alone, a disagreement between contracting parties does not render the contract
ambiguous.  In re Sterling Chems, Inc., No. 14-08-00280-CV, 2008 WL
3062630, at *2 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
Rather, a contract is ambiguous when it is susceptible to more than one
reasonable interpretation.  Frost Nat=l Bank v. L &
F Distribs., Ltd., 165 S.W.3d 310, 312 (Tex. 2005).  The court may conclude
that a contract is ambiguous in the absence of such pleading by any party. 
Sage St. Assocs. v. Northdale Constr. Co., 863 S.W.2d 438, 445 (Tex. 1993).[5] 
Here,  the settlement agreement is susceptible to more than one reasonable
interpretation regarding the capacity in which Cunningham signed.

When a contract is ambiguous, discerning
the parties= intent is a determination left to the exclusive
province of the fact finder.  Coker v. Coker, 650 S.W.2d 391, 395 (Tex.
1983).  For purposes of this interlocutory appeal, that fact finder was the
trial court.  In denying Virani=s plea and motion, the court made an
implied finding that Cunningham signed the agreement in his representative
capacity.  See P. McGregor Enters., Inc. v. Denman Bldg. Prods., Ltd.,
279 S.W.3d 717, 724 (Tex. App.CAmarillo 2007, pet. denied) (record
supported implied finding that project owner had, through its conduct, agreed
to arbitrate validity of subcontractor=s mechanic=s lien although
owner was not party to arbitration agreement).  We apply a Ano evidence@ standard to factual determinations
in this context.  See TMI, Inc., 225 S.W.3d at 791.

At the hearing, Cunningham testified as
follows:

Q:      And when you
signed [the settlement agreement], you just signed it Pat Cunningham, correct?








A:      No, I signed it J.P. Cunningham on behalf of the
homeowners association.

Cunningham=s testimony, in
addition to the typewritten designation under his signature, constitute some evidence that he intended
to sign the agreement only in his capacity as association president and board
member.  Viewing the
evidence in the light most favorable to the challenged finding and indulging
every reasonable inference that would support it, we hold the trial court did
not err in denying Virani=s Plea in Abatement and Motion to Compel Arbitration.  See In re Kellogg Brown & Root, Inc., 166 S.W.3d at 738; Freis,
877 S.W.2d at 284.[6]  Issue one is
overruled.

                                               III. 
CONCLUSION        

Accordingly, we affirm the judgment of the trial court.

 

 

/s/        William J. Boyce

Justice

 

Panel
consists of Justices Anderson, Guzman, and Boyce.









[1]  In denying the requested arbitration, the trial
court inadvertently referred to Plaintiff=s Objection
to Referral to Arbitration in its order.





[2]  Additionally, in his plea and motion, Virani
requested that the court compel arbitration Aas
required by the Federal and/or Texas [A]rbitration Act . . . .@





[3]  Non-signatories can be compelled to arbitrate in
certain narrow circumstances.  See In re Kellogg Brown & Root, Inc.,
166 S.W.3d at 739 (AFederal courts have recognized six theories, arising
out of common principles of contract and agency law, that may bind non‑signatories
to arbitration agreements: (1) incorporation by reference; (2) assumption; (3)
agency; (4) alter ego; (5) equitable estoppel, and (6) third‑party
beneficiary.@)  Virani does not contend that these narrow
circumstances are present here; instead, he contends that Cunningham signed the
settlement agreement in his individual capacity and therefore is bound to
arbitrate claims brought against him individually.





[4]  Cunningham attached the affidavit of Charles
Daughtry, the Association=s attorney, as an exhibit to his response to Virani=s plea and motion.  In his affidavit, Daughtry stated
that Wilkins and Sierra signed the agreement in their capacity as board members
Aas with all three signing this represented a majority
of the Board.@  Under Wilkins and Sierra=s names, the typewritten words ABoard Member, on behalf of the
Association@ appear.  This evidence further supports the conclusion that
Cunningham signed in a representative capacity.





[5]  Cunningham did not plead ambiguity.





[6]  Because we conclude that the trial court did not err
in finding that Cunningham signed the agreement in his representative capacity,
we do not reach Cunningham=s alternative
arguments that he was not a party to the underlying suit and that the dispute
is not within the scope of the arbitration clause.  Further, we need not
address whether Cunningham individually could be bound by the provisions of the
arbitration clause as a non-signatory because Virani did not raise that issue
in the trial court or on appeal.  See Tex. R. App. P. 33.1.