**Opinion issued March 10, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00307-CV

_____

### MARTIN PHIPPS, INDIVIDUALLY, AND PHIPPS LLP, Appellants

### V.

### CORD LARGO, Appellee

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-72828**

---

## MEMORANDUM OPINION

This appeal arises from a final judgment confirming an arbitration award. Appellants Martin Phipps and Phipps LLP perceive faulty venue, an arbitrator who exceeded his powers, a recovery based on an unpleaded cause of action, evident

partiality, and manifest disregard of the law. The trial court perceived none of that. We hold that the trial court ruled correctly. Accordingly, we affirm.

## Background

Cord Largo is a licensed public adjuster. He represents insureds in negotiations with their insurance companies in exchange for a percentage of any future recovery of insurance proceeds. He entered agreements with appellants—an attorney and a law firm—and other law firms to ensure that if litigation became necessary, his agreed-upon commissions from the insureds would be retained from any damages they recovered. Largo eventually filed a request to arbitrate disputes with appellants and others concerning payment of the commissions under the agreements.

The parties' underlying agreement selects a farrago of state and federal arbitration law: "This Agreement will be governed by Texas law, exclusive of its choice of law rule; provided, this Agreement involves interstate commerce, and this provision will be governed first by the Federal Arbitration Act (Title 9 of the United States Code) and second by Texas law." The clause also calls for arbitration at JAMS before a former Texas state or federal judge. Here the proceeding took place before a former member of this Court, the Honorable Michael Massengale.

Three dates matter to the analysis.

1. On March 20, 2024, Judge Massengale issued an arbitration award under the parties' contract. That award gave Largo a recovery against Phipps and Phipps LLP. The award also started a three-month clock for anyone to seek vacatur, including vacatur on the ground that the arbitrator exceeded his powers. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); 9 U.S.C. § 10(a)(4) (authorizing party to arbitration to seek vacatur "where the arbitrators exceeded their powers"); *see also Brown Lab Invs., LLC v. Moesser*, No. 01-16-00837-CV, 2018 WL 3733453, at *5–8 (Tex. App.—Houston [1st Dist.] Aug. 7, 2018, no pet.) (mem. op.) (recognizing 9 U.S.C. § 10(a)(4) as authority for non-signatory to arbitration agreement to seek vacatur of award based on arbitrator exceeding power).[1] Nobody sought vacatur during the three-month period.

2. On October 18, 2024, Largo filed an application asking the trial court to confirm the award. Largo's application described venue as mandatory in Harris County under the Texas Arbitration Act (TAA).

---

[1] In post-submission briefing, Phipps relies on two cases to support his contention that this three-month deadline does not apply to a non-signatory of an arbitration agreement. But both cases are distinguishable because the non-signatory did not participate in the arbitration proceedings. *See Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd.*, 284 S.W.3d 385, 388 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on reh'g); *Di Giammatteo v. Olney*, 794 S.W.2d 103, 103–05 (Tex. App.—Dallas 1990, no writ).

3. On December 16, 2024, appellants moved to transfer venue to Bexar County. They also filed a contemporaneous original answer, which opposed confirmation and alleged various grounds for vacatur, such as evident partiality, arbitrator misconduct, etc.

The trial court held an oral hearing. After hearing arguments on the venue issue first, the court denied the motion to transfer venue. The court then turned to confirmation. Largo argued that confirmation was mandatory: "There has been no motion to vacate. The deadline for filing a motion to vacate was 90 days after the award. It's been one year since the award." Appellants countered that Largo "mentioned that we didn't plead a motion to vacate or modify. Under the FAA [Federal Arbitration Act], that's done in your Answer." When the court pointed out that the answer had not been filed until December, appellants said, "[W]e're following the FAA's rules. If you don't do a motion to vacate, you include it in the Answer, is how the FAA does it."

Needing little additional argument, the court announced from the bench that it would grant the application to confirm the award. The final judgment mentions the lack of a timely motion to vacate: "After considering the Plaintiff's Motion, the Arbitrator's Award, and the absence of any timely filed Objection or opposing motion by the Defendants, the Court hereby enters Final Judgment for the Plaintiff as set forth herein."

4

This appeal followed.

## Venue

In their first issue, appellants reiterate their challenge to venue in Harris County. Although they follow up with a spectrum of other contentions—*e.g.*, the arbitrator exceeded his contractual powers, awarded recovery without supporting pleadings, displayed evident partiality, manifestly disregarded the law, etc.—they start by arguing that the case should have been transferred to Bexar County. We disagree.

For cases where the arbitration has already occurred, venue on an application to confirm lies in the county of the arbitration: "If a hearing before the arbitrators has been held, a party must file the initial application with the clerk of the court of the county in which the hearing was held[.]" TEX. CIV. PRAC. & REM. CODE § 171.096(c).[2] This section of the TAA applies, as nothing in the FAA conflicts with it. *See Wachovia Sec., LLC v. Emery*, 186 S.W.3d 107, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("The FAA displaces state law only to the extent the state law conflicts with the FAA's purpose of enforcing the parties' contractual obligation

---

[2]     *See In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding) (per curiam) ("Section 171.096(c) expresses the Legislature's intent that proceedings arising out of arbitration begin in the same county where the arbitration took place. This does not undermine or conflict with the Legislature's expressed intent in section 171.096(b) to allow parties to contract for venue, as it does not interfere with the ability to agree to venue provisions. In this case, the parties themselves chose to disregard their previous contractual agreement.").

to arbitrate."). Once the parties arbitrated the dispute in Harris County, that choice fixed the venue for confirmation.

We overrule appellants' first issue.

## Confirmation of Arbitration Award

In five remaining issues, appellants argue that the trial court erred by confirming the arbitration award. But appellants failed to assail the award within the three-month period provided by statute, so they "forfeited their right to judicial review of the award." *Eurocapital Grp., Ltd. v. Goldman Sachs & Co.*, 17 S.W.3d 426, 432 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *see also Broemer v. Houston Law. Referral Serv.*, 407 S.W.3d 477, 481 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("An application to vacate filed outside the statutory limitations period is untimely and must be denied."); 9 U.S.C. § 12; TEX. CIV. PRAC. & REM. CODE § 171.088(b).

By failing to seek vacatur within the time provided by statute, appellants left the trial court no choice but to confirm the award. *See Turner v. Tex//Tow Marine Towing & Salvage, LLC*, 502 S.W.3d 368, 373 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that "the trial court properly executed its 'ministerial duty' to deny Turner's untimely motion to vacate and to grant Sea Tow's motion to confirm the arbitration award") (quotation omitted).

We overrule appellants' remaining issues.

**Conclusion**

We affirm the trial court's judgment.


David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.