Brad **FREIS** and Donna Freis, Relators,

v.

The Honorable Adolph **CANALES,**
Judge, Respondent.

No. D–4415.

Supreme Court of Texas.

April 28, 1994.

Rehearing Overruled June 2, 1994.

Jeff Kaplan, Bruce A. Budner, D. Brent Lemon, Daniel Perez, Dallas, for relators.

J. Edwin Martin, Dallas, Robert L. Russell Bush, Roger L. Hurlbut, Arlington, John M.

Bara, Richard E. Schellhammer, Dallas, for respondent.

PER CURIAM.

Relators in this original mandamus proceeding request that an order of the district court compelling binding arbitration be set aside. For reasons that follow, we conditionally grant the relief sought.

HGL, Inc. built and sold a home to Brad and Donna Freis in accordance with a contract which included a "Home Buyers Warranty". The warranty was insured by a certificate issued by National Home Insurance Company. Asserting that their home had begun to shift on its foundation, the Freis gave notice to NHIC of a claim under the warranty and filed suit against HGL and others. NHIC denied the claim. The warranty provides in pertinent part:

> Should the Builder or Homebuyer(s) disagree with the Insurer's decision to deny the claim ..., the contesting party shall call for conciliation ... or an arbitration to be conducted by the American Arbitration Association...."

The Freis contend that they requested the alternative of conciliation as permitted by this provision, and that NHIC agreed. NHIC and HGL deny that the Freis requested conciliation and argue that the Freis waived any right to conciliation. In our view, however, this factual dispute is immaterial. After the Freis inquired about conciliation and NHIC responded, HGL moved the district court to order arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (1988). At first the court ordered mediation as allowed by Texas alternate dispute resolution statutes, TEX.CIV.PRAC. & REM. CODE §§ 152.001–154.073. When mediation failed to resolve the parties' disputes, the court granted HGL's motion and ordered arbitration.

While courts may enforce agreements to arbitrate disputes, arbitration cannot be ordered in the absence of such an agreement. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960); *see* 9 U.S.C. § 2; Texas General Arbitration Act, TEX.REV.CIV.STAT.ANN. art. 224 (Vernon Supp.1994). Under the contract in this case, when the Freis disagreed with NHIC's decision to deny their claim, they were obliged to choose either conciliation or arbitration. They contend that they chose conciliation, but even if they did not do so, they did participate in mediation, which was the functional equivalent of conciliation. HGL had no contractual right to compel the Freis to arbitrate their claims. Absent such a right, the district court was without power to order arbitration.

In *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992), we held that a party denied its contractual right of arbitration under the Federal Act has no adequate remedy by appeal and may seek review by mandamus. We reasoned that the party, being required to resolve its dispute by litigation, has lost its bargained-for right to arbitration. Likewise, a party who is compelled to arbitrate without having agreed to do so will have lost its right to have the dispute resolved by litigation. Accordingly, such a party has no adequate remedy by appeal. We note that if this case were in federal court the Freis would have been entitled to appeal from the order compelling arbitration. *McDermott Int'l, Inc. v. Underwriters at Lloyds*, 981 F.2d 744, 747 (5th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993).

Accordingly, a majority of the Court grants relators' motion for leave to file, and without hearing oral argument, conditionally grants their petition for mandamus, and directs respondent to vacate its order of August 27, 1993. TEX.R.APP.P. 122. The writ will issue only if respondent fails to act promptly in accord with this opinion.