**In re James Keith ROSE, M.D.**

No. 13–02–162–CV.

Court of Appeals of Texas,
Corpus Christi.

May 2, 2002.

John S. Warren, Warren, Drugan & Barrows, Corpus Christi, for relator.

Arnold Gonzales, Jr., The Kleberg Law Firm, Pete E. Avots, Wood, Boykin & Wolter, Corpus Christi, for real parties in interest.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

**ORDER**

PER CURIAM.

Relator filed a petition for writ of mandamus in the above cause on March 20, 2002. The Court, having examined and fully considered the petition for writ of mandamus and real parties' responses, is of the opinion that said petition for writ of mandamus should be denied. The relator's petition for writ of mandamus is hereby DENIED.

Dissenting Opinion by Justice DORSEY.

DORSEY, Justice, dissenting.

Because the petitioner did not agree to arbitrate his conflict with the Bank, he should not be required to do so. The trial court erred in so ordering. I would grant his petition for mandamus.

Relator, James Keith Rose, M.D., seeks mandamus relief from an order entered March 5, 2002, consolidating his lawsuit against Nueces National Bank with a separate lawsuit he filed against Prestige Enterprises, Inc. d/b/a/ Prestige Construction Company and ordering him to arbitrate both disputes. The two lawsuits concern the same home improvement building project undertaken by Dr. Rose. Rose hired Prestige to construct improvements to his home. Their contract included a provision stating that "[a]ll disputes hereunder shall be resolved by binding arbitration in accordance with rules of the American Arbitration Association."

A few weeks later, Rose entered into a separate contract between himself, Prestige and the Bank. This contract provided the money to pay for the improvements. Under its terms, advances of money would be made to Rose or to Rose and Prestige or a Prestige subcontractor, jointly, after the completion of the work being paid for. Each request for an advance of funds was required to be signed by both Rose and Prestige. This contract did not contain any agreement regarding arbitration.

Rose eventually sued both Prestige and the Bank in two separate lawsuits emanating from alleged breaches of contractual duties owed to him by both parties under the two separate contracts. While Rose agreed to arbitrate his suit against Prestige, he did not agree to consolidate the two cases together, nor did he agree to arbitrate his suit against the Bank. I am of the opinion that mandamus should be granted because the trial court's order compelling Rose to arbitrate his dispute with the Bank flies in the face of the basic legal principle that a person has a right to a court's decision about the merits of a dispute unless he has agreed to submit it to arbitration.

Both the Supreme Court of the United States and the Texas Supreme Court have affirmed this fundamental principle regarding compulsory arbitration in recent years. *See First Options of Chicago, Inc.*

*v. Kaplan,* 514 U.S. 938, 942–43, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Freis v. Canales,* 877 S.W.2d 283, 283 (Tex.1994). Arbitration is a matter of contract, and it simply cannot be compelled in absence of the party's agreement to arbitrate. *Freis,* 877 S.W.2d at 283. Mandamus is the appropriate remedy for a party who has wrongfully been compelled to arbitrate a lawsuit. *Id.*

While undoubtedly there exists a strong presumption in favor of arbitrability under both the Federal and the Texas Arbitration Acts, "no presumption of arbitrability arises unless the trial court finds an enforceable arbitration agreement." *In re Rolland,* Cause No. 03–01–00375–CV, 2001 WL 1583921, at *2 (Tex.App.—Austin December 13, 2001, no pet. hist.); *see also In re Jebbia,* 26 S.W.3d 753, 757 (Tex.App.—Houston [14th Dist.] 2000, no pet.). One who has not signed an agreement to arbitrate may be ordered to arbitration nonetheless only in the most limited circumstances; *e.g.,* assuming the rights of another under contract, through agency, or other similar principle of contract law. *See, e.g., Rolland,* 2001 WL 1583921, at *3. The more prudent course is to strictly adhere to the maxim that the right to compulsory arbitration exists solely by virtue of contract, and in the absence of a clear agreement to arbitrate, a party may not be compelled to do so. *Id.; see also AT & T Techs., Inc. v. Communications Workers,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). To allow otherwise would represent a dangerous encroachment upon the right to open access to courts guaranteed by both the U.S. and the Texas Constitutions. *See* U.S. CONST. amend. VII; TEX. CONST. ART. 1, § 13 (stating that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law"). Because "[t]he right of access to the courts has been at the foundation of the American democratic experiment", *LeCroy v. Hanlon,* 713 S.W.2d 335, 339 (Tex.1986), I resist the erosion of this right.

I would grant the writ.