SPORRAN KBUSCO, INC., f/k/a/ Kerr-
ville Bus Co. d/b/a Kerrville Bus Line,
Cusa KBC, L.L.C. d/b/a Kerrville Bus
Co., Cusa, L.L.C. and Coach USA, Inc.,
Appellant,

v.

Guadalupe "Sonny" CERDA,
Jr., Appellee.

Nos. 04–06–00843–CV, 04–07–00073–CV.

Court of Appeals of Texas,
San Antonio.

March 28, 2007.

Rehearing Overruled April 25, 2007.

From the 365th Judicial District Court, Maverick County, Texas, Trial Court No. 06–02–21537–MCV, Ron Carr, Judge Presiding [1].

Kevin D. Didway, LeAnn Kay, Tekell, Book, Matthews & Limmer, L.L.P., Houston, Roberto Serna, Law Office of Roberto Serna, Crystal City, for appellant.

Elizabeth Burkhardt, Elizabeth Burkhardt, P.C., Houston, Gloria E. Hernandez, Law Office of Gloria E. Hernandez, Eagle Pass, for appellee.

Sitting: CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

In this combined original proceeding and interlocutory appeal, Sporran Kbusco, Inc., f/k/a/ Kerrville Bus Co. d/b/a Kerr-

---

[1]. The Honorable Ron Carr, sitting by assignment, presided over the hearing on the motion to compel arbitration.

ville Bus Line; Cusa KBC, L.L.C. d/b/a Kerrville Bus Co.; Cusa, L.L.C.; and Coach USA, Inc. (collectively "Kerrville Bus Co.") seek relief from the trial court's denial of a motion to compel arbitration. We consolidated the two proceedings and dispose of them simultaneously. For the reasons discussed below, we affirm the trial court's judgment and deny the petition for writ of mandamus.

## FACTUAL BACKGROUND

The underlying action arises from a dispute between Guadalupe "Sonny" Cerda and his former employer. In 1979, Cerda began working as a bus driver for Kerrville Bus Co., Inc. In 2002, Kerrville Bus Co., Inc. entered into a collective bargaining agreement with the union representing the employees of the company. In 2003, Kerrville Bus Co., Inc. became Kerrville Bus Co. and subsequently asked its employees to complete a new application for employment that included a "Re-employment Certification." Within the "Re-employment Certification" were eight provisions, each with a blank line next to the provision for the employee to initial. The last page of the application required the employee to provide his signature. Cerda completed the application, initialed next to six of the eight provisions in the "Re-employment Certification," and then signed the last page. One of the two provisions Cerda did not initial was the arbitration provision at issue here.

In March 2004, Cerda was injured while on the job, which resulted in him filing a worker's compensation claim. After he was terminated from his employment with Kerrville Bus Co., Cerda exhausted his administrative remedies and, ultimately, filed the underlying lawsuit. Cerda's suit alleged various claims against Kerrville Bus Co., including: Texas Labor Code violations, breach of contract, intentional infliction of emotional distress, negligence and gross negligence, fraud, and civil conspiracy. Kerrville Bus Co. denied Cerda's allegations and filed a motion to compel binding arbitration under the Federal Arbitration Act ("FAA"). Kerrville Bus Co. later filed a supplemental motion to compel binding arbitration under both the FAA and the Texas Arbitration Act ("TAA"). Following a non-evidentiary hearing, the trial court denied the motion to compel arbitration without explanation.[2] Kerrville Bus Co. seeks review of the order denying its motion to compel arbitration by interlocutory appeal pursuant to the TAA, and by petition for writ of mandamus pursuant to the FAA.

## MANDAMUS AND INTERLOCUTORY APPEAL

As a preliminary matter, we first address Cerda's assertion that this court lacks jurisdiction to consider the interlocutory appeal. Cerda requests that we dismiss the interlocutory appeal and only consider the petition for writ of mandamus. A trial court's order denying a motion to compel arbitration, if based on the TAA, is reviewable by interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(1) (Vernon 2006). However, if the motion to compel arbitration is based on the FAA, an order denying the motion must be reviewed by mandamus. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992). Cerda argues the FAA controls our review because interstate commerce is involved, and he asserts

---

**2.** At the non-evidentiary hearing, the trial court considered the following: (1) the pleadings, (2) the employee application, including the "Re-employment Certification," (3) Cer-

da's deposition, (4) Cerda's affidavit, and (5) Union Representative Rey Rodriguez's affidavit.

we may review the motion to compel arbitration only through the mandamus proceeding. However, the Texas Supreme Court has held that "[t]he mere fact that a contract affects interstate commerce, thus triggering the FAA, does not preclude enforcement under the TAA as well." *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex.2006) (orig. proceeding). The FAA only preempts the TAA when state law refuses to enforce an arbitration agreement that the FAA would enforce, either because (1) the TAA has expressly exempted the agreement from coverage, or (2) the TAA has imposed an enforceability requirement not found in the FAA. *Id.* Therefore, if the TAA is not preempted by the FAA, we have jurisdiction to consider both the interlocutory appeal under the TAA and the mandamus proceeding under the FAA. *Id.*

█ The arbitration provision at issue here does not expressly invoke either the FAA or the TAA. The FAA applies to this arbitration provision because it is undisputed that Kerrville Bus Co. was involved in interstate commerce, and both Cerda and Kerrville Bus Co. agree that Cerda regularly drove a bus for the company across state lines. The TAA also applies because the arbitration provision does not fall under any of the exceptions to the TAA and there is no contractual or legal basis that would prevent the TAA from applying. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.002(a) (Vernon 2006). Because the FAA does not preempt the TAA in this case and neither party has asserted the TAA does not apply to the arbitration provision, we consider both the petition for writ of *mandamus* and the interlocutory appeal.

### ARBITRATION AGREEMENT

█ Kerrville Bus Co. asserts there is a binding arbitration agreement between the company and Cerda based on a provision in the "Re-employment Certification." Although arbitration agreements are generally enforced, a court may not order arbitration in the absence of an agreement. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex.2005) (FAA); *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex.1994) (TAA). Unless a party clearly agreed to arbitration, arbitration should not be compelled. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 738; *Freis*, 877 S.W.2d at 284. When, as here, a party resists arbitration, the trial court must determine whether a valid agreement to arbitrate exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.2003); *see also* TEX. CIV. PRAC. & REM.CODE § 171.021 (Vernon 2005). The trial court's determination as to the validity of an arbitration agreement is subject to de novo review. *Webster*, 128 S.W.3d at 227.

█ Although there is a strong presumption favoring arbitration, that presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *Id.* Under both the FAA and the TAA, we apply ordinary state contract law principles in order to decide whether a valid arbitration agreement exists. *See In re D. Wilson Constr. Co.*, 196 S.W.3d at 781 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

The provision in the "Re-employment Certification" that references binding arbitration, which Cerda did not initial, is as follows:

If I am employed by the Company, I agree that any dispute arising out of my employment or its termination, will be submitted to final and binding arbitration before a single arbitrator in accordance with procedures adopted by the Company, after any available procedures

with the Equal Employment Opportunity Commission, or any other appropriate administrative agency have been exhausted. If I am employed by the Company, I agree to sign an Arbitration Agreement agreeing to resolve disputes in accordance with procedures adopted by the Company. I UNDERSTAND THAT MY AGREEMENT TO ARBITRATE DISPUTES IS A WAIVER OF ALL RIGHTS TO A CIVIL COURT ACTION FOR THE DISPUTES COVERED BY THE AGREEMENT. ALL SUCH DISPUTES SHALL BE SETTLED EXCLUSIVELY BY FINAL AND BINDING ARBITRATION; ONLY AN ARBITRATOR, AND NOT A JUDGE OR JURY, WILL HEAR SUCH DISPUTES.

On appeal, Kerrville Bus Co. contends, "This language unequivocally governs this lawsuit.... Cerda voluntarily entered into this agreement and the unambiguous language of the contract indicates that both parties mutually agreed to submit all disputes to arbitration." Kerrville Bus Co. also argues that because Cerda signed the last page of the employment application he agreed to binding arbitration. Kerrville Bus Co. contends that "a party is generally bound by the terms of the contract he signs, regardless of whether he read it or thought it contained different terms." Finally, Kerrville Bus Co. argues that Cerda's continued employment after "executing the arbitration agreement" constitutes his willingness to be bound by the terms. Cerda counters that his lack of initials next to the arbitration provision shows his lack of assent to binding arbitration. He also argues that because he was not provided with an arbitration agreement or the company's arbitration procedures in accordance with the "Re-employment Certification," there is no valid agreement to arbitrate. We agree with Cerda.

Cerda initialed six of the eight provisions in the "Re-employment Certification." He did not initial in the space provided next to the arbitration provision. According to his affidavit, Cerda was told to complete the "Re-employment Certification," initial the provisions he agreed to, and sign the last page. His affidavit further states his understanding that the act of providing his signature on the last page did not reflect his agreement to be bound by all of the "Re-employment Certification's" provisions, but instead reflected his agreement to be bound by only the initialed provisions. As a result, Cerda initialed the six provisions with which he agreed, and then he signed the last page of the "Re-employment Certification." We conclude Cerda evidenced his intent to agree to all the provisions in the "Re-employment Certification," except for the two he did not initial. *See Webster,* 128 S.W.3d at 229 (noting that employer and employee "mutually agreed" to submit disputes to arbitration).

Further, the arbitration provision states, "If I am employed by the Company, I agree to sign an Arbitration Agreement agreeing to resolve disputes in accordance with procedures adopted by the Company." This indicates an action to take place in the future: that the company will provide Cerda with an arbitration agreement to be signed if he is employed by the company. However, nothing in the record shows Cerda was ever provided with an arbitration agreement or any arbitration procedures adopted by Kerrville Bus Co.

## CONCLUSION

We conclude Kerrville Bus Co. did not meet its burden to establish a valid arbitration agreement existed. Therefore, the trial court did not err in denying the motion to compel arbitration. Accordingly,

we affirm the trial court's order denying the motion to compel arbitration and we deny the petition for writ of mandamus. Tex.R.App. P. 52.8(a).