**Opinion issued April 14, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00421-CV

————————————

## FRED FORSHEY AND MCCALL-TL, INC. D/B/A LEXUS OF CLEAR LAKE, Appellants

## V.

## CAROL ZENDEH DEL, Appellee

———

On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Case No. CV-0083134

———

# MEMORANDUM OPINION

This is an interlocutory appeal from the trial court's order denying appellants

Fred Forshey and McCall-TL, Inc. d/b/a Lexus of Clear Lake's (collectively, "Lexus

of Clear Lake") motion to compel arbitration. In four issues, Lexus of Clear Lake contends that (1) the trial court erred by denying its motion to compel arbitration on the grounds that the arbitration agreement did not exist or was unconscionable; (2) the Federal Arbitration Act ("FAA") preempts the Texas Arbitration Act's ("TAA") $50,000 consideration limit; (3) the trial court erred in holding that the arbitration provision required separate consideration; and (4) the trial court erred in holding that the arbitration provision is illusory because it granted rights in the collateral that were not subject to arbitration. We affirm the trial court's order.

## Background

On July 31, 2018, Carol Zendeh Del purchased a 2018 Lexus GX 460 from the Lexus of Clear Lake dealership. Zendeh Del and Edgar Padilla, the dealership's finance manager, signed a Buyer's Order detailing the information related to the sale of the vehicle.

On February 25, 2019, Zendeh Del filed suit against Lexus of Clear Lake alleging that Forshey, the salesman who sold her the vehicle, made material misrepresentations regarding the safety features that came with the Lexus she purchased from the dealership. Zendeh Del asserted causes of action for common law fraud, negligent misrepresentation, negligent hiring supervision and/or management, and violations of the Deceptive Trade Practices Act.

On April 4, 2019, Forshey and Lexus of Clear Lake filed a motion to compel arbitration under the FAA. It argued that the Buyer's Order that the parties signed includes an arbitration clause, and that all of Zendeh Del's claims relate to the purchase of the vehicle and are, therefore, within the scope of the arbitration clause. Lexus of Clear Lake attached a copy of the Buyer's Order as an exhibit to its motion.

On April 22, 2019, Zendeh Del filed a response and objection to the motion to compel arbitration. Zendeh Del argued that Lexus of Clear Lake failed to prove that a valid agreement to arbitrate existed because the arbitration provision was added after she had already executed the contract. As an exhibit to her response, Zendeh Del attached her affidavit in which she attested, in relevant part, as follows:

. . . .

3. I purchased a 2018 Lexus SUV from Lexus of Clear Lake, the vehicle that is the subject of this lawsuit.

4. I signed documents, but I never signed an arbitration provision.

5. The arbitration provision is on a page that was never given to me.

6. I did not agree to the arbitration provision.
7. The first time I ever saw the arbitration provision was after I filed a lawsuit.

8. Lexus of Clear Lake is attempting to add terms to the contract I signed.

Additionally, Zendeh Del asserted that (1) the sales contract fell outside the TAA because the monetary value of the vehicle put it outside the scope of the Act, and (2)

3

the alleged arbitration agreement was unenforceable because it (a) lacked consideration, (b) was illusory because only Lexus of Clear Lake retained rights allowing it to alter the terms of the contract to avoid arbitration, and (c) was unconscionable at the time it was made.

On May 6, 2019, Lexus of Clear Lake filed a reply to Zendeh Del's response, arguing that "Zendeh Del's claim that she was 'not aware that the sales contract included an arbitration clause' was insufficient to defeat arbitration."  As an exhibit to its reply, Lexus of Clear Lake attached the unsworn declaration of Edgar Padilla, in which he stated, in relevant part, as follows:

. . . .

> I was the finance manager for Plaintiff Carol Zendeh Del's purchase of a 2018 Lexus GX 460 . . . .  Plaintiff obtained financing through a credit union and did not finance through Lexus of Clear Lake. Lexus of Clear Lake entered into a buyer's order with Plaintiff to memorialize the terms of the sale of the 2018 GX 460.  A true and correct copy of the buyer's order is attached hereto as Exhibit "A". Plaintiff did not enter into a retail installment contract with the dealership.
>
> All of the fields on the buyer's order are populated electronically on the dealership's computer system which is called a Dealer Management System ("DMS").  I completed all the fields on Plaintiff's buyer's order on the DMS and I printed the documents for Plaintiff's signature.  When I printed the documents, all three pages printed with the first two pages being double-sided and the third page being single sided.  I presented all three pages of the buyer's order to Plaintiff with all the other documentation she needed to sign.  All three pages of the buyer's order were together when Plaintiff signed the buyer's order, including the arbitration agreement on the third page of the buyer's order.  I signed the buyer's order on behalf of Lexus of Clear Lake.

After Plaintiff signed all the documents, I put them together into a file for the dealership's records. This included all three pages of the buyer's order.

I did not add the third page to the buyer's order after Plaintiff signed the document. The third page with the arbitration clause was there when Plaintiff signed the buyer's order. Whenever I print out a buyer's order, all three pages of the document print out automatically from the DMS. I always printed out all three pages and always presented all three pages for customers to sign when I was employed with Defendant Lexus of Clear Lake, including the transaction with Plaintiff.

Additionally, Lexus of Clear Lake asserted that (1) the FAA preempts the TAA's $50,000 monetary limitation on consideration, (2) the arbitration clause was part of the sales contract and did not require separate consideration, and (3) Zendeh Del's claim that the arbitration provision was illusory because the dealership retained rights to setoff, repossession, and disposition of the collateral was without merit because Zendeh Del did not finance with the dealership and, therefore, the contract contained no such provisions.

On May 15, 2019, the trial court signed an order denying Lexus of Clear Lake's motion to compel arbitration. Neither party requested, nor did the trial court issue, findings of fact and conclusions of law. This interlocutory appeal followed.

### Standard of Review and Applicable Law

Section 171.098 of the Texas Civil Practice and Remedies Code permits the interlocutory appeal of an order denying a motion to compel arbitration. *See* TEX. CIV. PRAC. & REM. CODE § 171.098. We review interlocutory appeals of orders

5

denying motions to compel arbitration for an abuse of discretion. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009) (orig. proceeding); *FD Frontier Drilling (Cyprus), Ltd. v. Didmon*, 438 S.W.3d 688, 692 (Tex. App.— Houston [1st Dist.] 2014, pet. denied). Under this standard, we defer to the trial court's factual determinations if they are supported by evidence and review questions of law de novo. *Labatt Food Serv., L.P.*, 279 S.W.3d at 643; *Cleveland Constr., Inc. v. Levco Constr., Inc.*, 359 S.W.3d 843, 851–52 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd).

"In evaluating a motion to compel arbitration, a court must determine first whether a valid arbitration agreement exists, and then whether the agreement encompasses the claims raised." *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). There is a strong presumption in favor of arbitration but the existence of a valid agreement to arbitrate is a threshold requirement that must be established before arbitration can be compelled. *See Kellogg Brown & Root*, 166 S.W.3d at 737–38; *see also Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994) ("While courts may enforce agreements to arbitrate disputes, arbitration cannot be ordered in the absence of such an agreement.").

When determining whether the parties agreed to an arbitration provision subject to the FAA, we apply state law principles governing the formation of

6

contracts.[1] *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (orig. proceeding); *Kellogg Brown & Root*, 166 S.W.3d at 738. The party moving to compel arbitration bears the burden to show the existence of a valid agreement to arbitrate. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Once a valid arbitration agreement has been established, a presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcing arbitration. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (orig. proceeding).

In a non-jury trial, when no findings of fact or conclusions of law are filed or requested, we infer that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *Douglas v. Petroleum Wholesale, Inc.*, 190 S.W.3d 97, 99 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Here, the trial court did not state a basis for its ruling in the order denying the motion to compel arbitration. Therefore, we must uphold the trial court's ruling on any legal theory supported by the evidence. *See Worford v.*

---

[1]     "Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Potcinske v. McDonald Prop. Investments, Ltd.*, 245 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

*Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *AIMS ATM, LLC v. Sanip Enters., Inc.*, No. 01-13-00155-CV, 2014 WL 810839, at *1 (Tex. App.—Houston [1st Dist.] Feb. 27, 2014, no pet.) (mem. op.).

**Existence of an Arbitration Agreement**

In its first issue, Lexus of Clear Lake contends that the trial court erred by denying its motion to compel arbitration because Zendeh Del's claim that she was not aware of the arbitration provision on the third page of the sales contract is insufficient to show that the agreement did not exist or that it was unconscionable. It argues that an arbitration provision cannot be avoided merely because the plaintiff did not notice the provision, did not sign it, and did not receive a copy. In support of its argument, Lexus of Clear Lake relies on *In re Green Tree Servicing, LLC* and *D.R. Horton-Texas, Ltd. v. Drogseth*.

In *Green Tree Servicing*, a servicing agent for a residential installment contract and security agreement sued Coyner, a homeowner, after he allegedly defaulted on the terms of the contract. 275 S.W.3d 592, 597 (Tex. App.—Texarkana 2008, no pet.). After Coyner raised several counterclaims, the servicing agent filed a motion to compel arbitration. *See id.* Following a hearing, the trial court denied the motion. *See id.*

On appeal, the court noted, "Coyner essentially argues because he was not aware of the arbitration clause, there was not a meeting of the minds and an

8

acceptance in strict compliance with the terms of the offer." *Id.* at 599. The court reasoned:

> Under the general rule, every person who has the capacity to enter into a contract is held to know what words were used in the contract, to know their meaning, and to understand their legal effect. The arbitration provision was clear and unambiguous and subject to Coyner's review before signing. The parties to a contract have an obligation to protect themselves by reading what they sign. . . . Coyner's failure to read the contract does not modify the terms of the contract.

*Id.*

The court of appeals also held that the trial court erred in finding that the arbitration clause was unconscionable. *See id.* at 602–04. In particular, the court rejected Coyner's argument that the provision was procedurally unconscionable because the provision was hidden on the back of the signature page of the document. *See id*. at 603. The court noted that "[e]ach page of the contract was numbered and the signature page was marked 'Page 3 of 4.' The page number would have put a reasonable person on notice that there were additional terms on the back of the signature page." *Id.*

Lexus of Clear Lake contends that, like the contract in *Green Tree Servicing,* the contract in this case was numbered sequentially and the arbitration provision was on the third page which was marked "PAGE 3 of 3." Thus, it argues, Zendeh Del is presumed to have read what she signed and her claim that she was not aware of the arbitration provision is insufficient to defeat arbitration. However, *Green Tree*

9

*Servicing* is distinguishable in a material respect. There, Coyner argued that he was not aware of the arbitration provision because it was on the back of the page that he signed. Here, in contrast, Zendeh Del does not argue that she was not aware of the arbitration provision because it was on another page. Rather, she argues that she was never given the page containing the arbitration provision in the first place.

Lexus of Clear Lake also urges us to follow the reasoning in *D.R. Horton-Texas, Ltd. v. Drogseth*, No. 02-12-00435-CV, 2013 WL 3377121 (Tex. App.—Fort Worth July 3, 2013, no pet.) (mem. op.). In that case, the parties entered into a two-page contract of sale for real property. *See id.* at *1. After Drogseth filed suit alleging property defects, D.R. Horton filed a motion to compel arbitration that the trial court subsequently denied. *See id.*

On appeal, the court found that D.R. Horton had established the existence of an arbitration agreement. *See id.* at *3. It noted that the signed contract consisted of two pages, printed on the front and back of a single page. *See id.* at *2. The front page contained paragraphs one through eleven and included the executed signatures lines for both parties. *See id.* Just above the executed signature lines, the contract stated, "**PARAGRAPHS 12 THROUGH 26 ON THE REVERSE SIDE CONSTITUTE A PART OF THIS CONTRACT.**" *Id.* Paragraph thirteen on the back page contained an arbitration provision. *See id.* The court also rejected Drogseth's arguments that the arbitration agreement was unconscionable because

10

D.R. Horton did not point out the arbitration clause on the back of the contract to her, the clause was not conspicuously printed in all capital letters, the signature line was on the first page while the arbitration clause was on the back, and she was only provided a copy of the front page of the contract. *See id*. at \*4.

*D.R. Horton* is also distinguishable from this case. There, the entire contract was printed on the back and front of a single page, and the front page explicitly stated above the signature line that the paragraphs on the back page, which included the arbitration provision, constituted a part of the contract. *See id.* at \*2. Here, in contrast, the arbitration provision is on a separate page entitled "ADDITIONAL TERMS AND CONDITIONS," and the first two pages make no reference, explicit or otherwise, to the additional terms and conditions. *Cf. In re Media Arts Grp., Inc.*, 116 S.W.3d 900, 907 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]) (concluding that fourteen-page dealer agreement explicitly stating that standard terms and conditions, which comprised pages nine through fourteen of agreement, were attached, and that agreement consisted in part of standard terms and conditions, made it "abundantly clear to anyone reading the dealer agreement that it consists in part of the Standard Terms and Conditions"); *AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 199 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (rejecting argument that arbitration provision was unconscionable where purchase agreement consisted of single page, front and back, paragraph directly above

11

customer signature line on front page stated that, by executing agreement, purchaser acknowledged she had read and understood terms and conditions, including additional terms and conditions on reverse side which included arbitration provision, and additional language on front page encouraged purchaser to review agreement including additional terms and conditions).

The cases discussed above contain clauses that explicitly refer to the existence of other pages and paragraphs to the contract. This fact puts customers, at the very least, on notice to inquire about any supposedly missing pages or paragraphs of which the signer might not be aware. The contract in question contains language which gives rise to the opposite conclusion. The second page on the back of the Buyer's Order contains the following language: "The window form and the information on the front and back of this order comprise the entire agreement affecting this purchase and no other agreement or understanding, either verbal or written, of any nature concerning same has been made or entered into or will be recognized." Rather than call the signer's attention to other paragraphs or pages, this contract explicitly says there are no other relevant pages. In light of this contract language, and Zendeh Del's affidavit stating that she never received the page containing the arbitration provision, we conclude that there is sufficient evidence in the record from which the trial court could have determined that a valid agreement

12

to arbitrate does not exist.  *See Roberson*, 768 S.W.2d at 281; *Douglas*, 190 S.W.3d at 99.

We therefore hold that the trial court did not err in denying Lexus of Clear Lake's motion to compel arbitration.  *See Labatt Food Servs*., *L.P*., 279 S.W.3d at 643.  Accordingly, we overrule its first issue.  In the absence of a valid arbitration agreement, we need not address Lexus of Clear Lake's remaining issues.  *See Kellogg Brown & Root*, 166 S.W.3d at 737–38 (noting valid agreement to arbitrate is threshold requirement to compel arbitration).

## Conclusion

We affirm the trial court's May 15, 2019 order denying Lexus of Clear Lake's motion to compel arbitration.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Lloyd, and Kelly.

13