**Dismiss and Opinion Filed February 16, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00829-CV

**TIZIANA COSENTINO, Appellant**
**V.**
**FROST BANK, AS INDEPENDENT ADMINISTRATOR OF**
**THE ESTATE OF BRIAN M. ELLARD, DECEASED, Appellee**

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-20-00485-2**

## MEMORANDUM OPINION

Before Justice Molberg, Justice Goldstein, and Justice Smith
Opinion by Justice Molberg

This is an appeal from an order compelling an ancillary probate matter to arbitration. By motion and in jurisdictional briefing, appellee asserts the appeal should be dismissed for want of jurisdiction because the arbitration order is neither an interlocutory order authorized by statute to be appealed nor an appealable final judgment under the general standard, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), or standard for probate orders, *see Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). In response, appellant does not dispute the order is not an appealable interlocutory order. She maintains, however, that the order is appealable and final under either *Lehmann*, because the order "reduced" the probate

court's role "to nothing but the ministerial act of approving" the arbitration award, or *Crowson*, because it ended the underlying ancillary proceeding.[1]  Agreeing with appellee that the order is not final, we grant the motion and dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

## BACKGROUND

On June 30, 2019, Ornella Ellard and her husband perished in a private jet crash. During the administration of Ellard's and her husband's estates, a dispute arose concerning a premarital agreement ("PMA") that limited Ellard's interest in her husband's estate.  The dispute centered on whether the PMA had been finalized and an agreement existed at all, as the PMA had been signed in its entirety by Ellard but it appeared her husband had failed to sign in certain designated places.

Seeking, in part, a declaration that the PMA was invalid because it did not contain all necessary signatures, Ellard's estate filed the proceeding underlying this appeal as an ancillary proceeding to the estate.  Appellee, the independent administrator of Ellard's husband's estate, counterclaimed and appellant, Ellard's sister and sole heir, intervened.  In her petition in intervention, appellant asserted the same argument as Ellard's estate and, in the event the probate court determined the PMA was "sufficiently" executed and an agreement "existed[,]" that Ellard and her husband did not intend to be bound by the PMA.

---

[1] Appellant also argues the order is final under *Crowson* because the order adjudicated a substantive right.

A fully executed PMA was subsequently located, and Ellard's estate nonsuited its action. Asserting the fully executed PMA was not authentic or, alternatively, had been revoked, appellant proceeded on her claim. Appellee also proceeded on its counterclaim.

The PMA included a provision requiring that "any dispute or controversy regarding [the PMA's] validity, interpretation, or enforceability" be submitted to binding arbitration before an arbitrator who would serve as a special master under the rules of civil procedure and whose award could be "set forth" in a judgment entered in "any court of competent jurisdiction." *See* TEX. R. CIV. P. 171 (master in chancery). On appellee's motion and following a *Tipps* evidentiary hearing,[2] the probate court ordered the matter to arbitration.

## DISCUSSION

An appellate court has jurisdiction over appeals from interlocutory orders as authorized by statute as well as final judgments. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Generally, a judgment is final if it (1) follows a conventional trial on the merits; (2) actually disposes of every pending party and claim; or, (3) "clearly and unequivocally" states it finally disposes of all parties and

---

[2] *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (concluding that trial court must hold evidentiary hearing to determine whether to compel arbitration, rather than summarily rule, where material facts necessary to determination are controverted); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(b) (if party opposing motion to compel arbitration denies existence of agreement, court must summarily determine that issue); *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 119 (Tex. App.—El Paso 2018, no pet.) (trial court decides threshold issue of whether contract ever formed).

–3–

claims even if it does not actually do so. *See Lehmann*, 39 S.W.3d at 199, 205-06. In probate proceedings, however, a judgment may be final for purposes of appeal even when other issues remain pending if a statute expressly declares the phase of the probate proceeding to be final and appealable or the judgment adjudicates a substantial right and disposes of all issues and parties "in the phase of the proceeding for which it was brought." *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Crowson*, 897 S.W.2d at 782-83). To determine whether the judgment adjudicates a substantial right and disposes of all issues and parties in a particular proceeding, an appellate court examines the parties' live pleadings and may consider whether the adjudicated claim could be properly severable. *See id.*; *Crowson*, 897 S.W.3d at 783. A claim is properly severable if the controversy involves more than one cause of action; the severed claim could be the proper subject of an independently asserted lawsuit; and, the severed claim "is not so interwoven with the remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). Although *Lehmann* differs from *Crowson* "as to *when* an order becomes final and appealable[—]upon the conclusion of a discrete phase of a [probate] proceeding or with rendition of a single final judgment[,]" an order that actually disposes of all issues and parties at the relevant stage of the proceedings is final under both standards. *In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021) (emphasis in original).

Appellant's contention that the order compelling arbitration is final and appealable under both *Lehmann* and *Crowson* is premised on the probate court's implied ruling that the PMA was properly executed and an agreement "existed."[3] Appellant notes that without a finding that the PMA, which contained the arbitration provision, was finalized, the probate court could not compel the matter to arbitration. *See* TEX. FAM. CODE ANN. § 4.002 (requiring premarital agreement be signed by both parties); *In re W. Dairy Transp., L.L.C.*, 574 S.W.3d 537, 546 (Tex. App.—El Paso 2019, orig. proceeding) (arbitration cannot be ordered absent binding agreement) (citing *Freis v. Canales*, 877 S.W2d 283, 284 (Tex. 1994) (per curiam)). Appellant asserts the sole claim before the probate court in the ancillary proceeding, was whether the PMA was finalized and an agreement existed; whether the PMA was otherwise valid and enforceable became issues only if the PMA was properly signed and were, under the arbitration provision, issues for the arbitrator to decide. Once the court determined an agreement existed and compelled the matter to arbitration, appellant argues, the ancillary proceeding was concluded. Appellant maintains that, because the arbitrator's decision is binding on the parties under the

---

[3] As mentioned, appellant also argues the order is final under *Crowson* because it adjudicated a substantive right. The court's implied ruling is also the premise for this argument. Appellant contends that, in determining the PMA was properly executed, the probate court not only determined that the underlying proceeding would "all go[] to arbitration[,]" but also that the PMA, rather than Texas community property laws, would inform what assets Ellard's estate owned, resulting in a significant decrease in the value of the estate. *See* TEX. FAM. CODE ANN. § 3.003 ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."). An order adjudicating a substantive right without also adjudicating all issues and parties in the phase of the proceeding for which the proceeding was brought, however, is not final under *Crowson*. *See De Ayala*, 193 S.W.3d at 578 (citing *Crowson*, 897 S.W.2d at 782-83).

PMA, the probate court's remaining role, if any, is to confirm the arbitrator's decision, a ministerial act that renders the order final under *Lehmann.* Appellant further maintains that because the order ended the "contract formation/existence" phase of the ancillary proceeding, the order was final under *Crowson*.

In making these arguments, however, appellant misconstrues the applicable standards. Whether an order disposes of every party and claim in a suit or disposes of all issues and parties in the phase of the proceeding for which the proceeding was brought is not determined by who effectuates the disposition or the extent of the court's role in the suit or proceeding but by language adjudicating the claim and issues. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (appellate timetable begins to run upon signing of written order that disposes of parties and issues before court, even when signing of order is "purely ministerial"). And "phase of the proceeding for which the [proceeding] was brought" refers to the basis for the proceeding—the claim(s) or cause(s) of action asserted—not an issue within the claim(s) or action(s). *See Crowson*, 897 S.W.2d at 783 (probate order rendered in proceeding in which "one or more pleadings . . . raise issues or parties not disposed of" is interlocutory but can be made final by severance order if severance criteria met); *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658 (claim is properly severable if controversy involves more than one cause of action, severed claim could be independently asserted in separate lawsuit, and severed claim and remaining action do not involve same facts and issues); MICHOL O'CONNOR,

O'CONNOR'S TEXAS CAUSES OF ACTION, ch.1, § 1 (2022 ed.) ("A cause of action is simply the basis for a lawsuit. . . . In ordinary legal usage, the term 'cause of action' is synonymous with 'claim.'").

Although appellant asserts the ancillary proceeding ended upon the probate court's determination that the PMA was properly executed and arbitration should be compelled, it did not. As reflected in the parties' live pleadings, the ancillary proceeding was brought as a declaratory judgment action concerning the validity and enforceability of the PMA. The order compelling arbitration determined a preliminary issue within that cause of action—that the PMA was properly executed such that an agreement to arbitrate existed and arbitration of those issues could be compelled—not a cause of action in itself that could be asserted independently as its own lawsuit. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658; *see also In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (order compelling arbitration reviewable on final appeal).

Because the arbitration order is not final under *Lehmann* or *Crowson*, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

|  | /Ken Molberg// |
| --- | --- |
| 210829f.p05 | KEN MOLBERG |
|  | JUSTICE |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIZIANA COSENTINO, Appellant

No. 05-21-00829-CV      V.

FROST BANK, AS INDEPENDENT
ADMINISTRATOR OF THE
ESTATE OF BRIAN M. ELLARD,
DECEASED, Appellee

On Appeal from the Probate Court
No. 2, Dallas County, Texas
Trial Court Cause No. PR-20-00485-
2.
Opinion delivered by Justice
Molberg, Justice Goldstein and
Justice Smith participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Frost Bank, as Independent Administrator of the Estate of Brian M. Ellard, Deceased, recover its costs, if any, of this appeal from appellant Tiziana Cosentino.

Judgment entered this 16th day of February, 2022.